UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZAM AZIMI,<br><br>            Plaintiff,<br><br>    v.<br><br>ARCADIS U.S., INC.,<br><br>            Defendant. | Case No.  1:25-cv-01181-JLT-FJS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELLIEF SEEKING 31-DAY EXTENSION OF DEADLINE TO MOVE TO AMEND PLEADINGS<br><br>(ECF No. 41) |

Presently before the court is Plaintiff Azam Azimi's motion for administrative relief seeking a 31-day extension of time to move to amend the pleadings in this matter. (ECF No. 41.) On April 17, 2026, the court stayed the April 17, 2026, deadline to file stipulated amendments or motions to amend (ECF No. 26) pending resolution of this motion and ordered Defendant Arcadis U.S., Inc., to file response. (ECF No. 42.) On April 24, 2026, Defendant filed an opposition arguing that Plaintiff did not show good cause for the extension. (ECF No. 43.) On April 27, 2026, Plaintiff filed a supplemental declaration in support of this motion. (ECF No. 46.) The Court, after considering the motion and opposition without hearing or reply pursuant to Local Rule 233, finds that there is good cause for extending the deadline to amend pleadings by 31-days.

I.      PROCEDURAL BACKGROUND

On December 11, 2025, the court issued a scheduling order requiring the parties to make all stipulated amendments or motions to amend no later than April 17, 2026. (ECF No. 26.) Trial was set for April 4, 2028, and non-expert and expert discovery was set to close on April 2, 2027, and June 17, 2027, respectively. (ECF No. 26 at 1-2.) On April 5, 2026, Plaintiff's counsel filed

for substitution of attorney (ECF No. 39) and Plaintiff's new counsel Rebecca Peterson-Fisher of Katz Banks Kumin LLP was substituted in. (ECF No. 40.) On April 5, 2026, Plaintiff's counsel attempted to meet and confer with Defendant regarding stipulating to a 60-day extension of the deadline to amend pleadings. (ECF No. 46 at 2.) Defendant declined to stipulate without first seeing a copy of the proposed amended complaint. (ECF No. 46 at 3.) Plaintiff stated that counsel was still evaluating Plaintiff's options, but that Plaintiff intended to separate the harassment and discrimination claims but did not anticipate adding claims or defendants "'that would be out of left field' or not along the lines of what had already been pled." (ECF No. 46 at 3-4.) Plaintiff filed this motion after Defendant stated that he would not provide a response until April 20, 2026, or after expiration of the deadline to amend pleadings. (ECF No. 46 at 3.)

On April 15, 2026, Plaintiff filed this motion for administrative relief seeking a 31-day extension of time to move to amend the pleadings in this matter. (ECF No. 41.) Plaintiff argued that good cause exists to extend the deadline to amend pleadings because (1) it would not affect any other deadlines in this matter, (2) Plaintiff's new lead counsel is recovering from surgery and working in a limited capacity, (3) Plaintiff needs time to evaluate what amendments are needed to properly meet and confer with Defendant, (4) Plaintiff's counsel has acted diligently to meet and confer with Defendant regarding this deadline, and (5) Defendant will not be prejudiced since Plaintiff's deposition has not been scheduled and trial is not set until 2028. (ECF No. 41 at 3-4.)

On April 24, 2026, Defendant opposed this motion, arguing that Plaintiff cannot establish good cause and that Defendant will face extreme prejudice. (ECF No. 43 at 4.) Defendant states that retention of new counsel is not sufficient to satisfy good cause (ECF No. 43 at 5) and that Plaintiff is seeking a "do over" of litigation (ECF No. 43 at 6).

II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment," and the Court

2

"may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citation modified). The prejudice to parties opposing modification of the scheduling order, if any, may provide additional grounds for denying the motion, but the focus is on the moving party's reason for seeking the modification. *Id.* If the party seeking to amend the scheduling order "was not diligent, the inquiry should end," and the court should not grant the motion to modify. *Id.*

"Relevant inquiries [into diligence] include: whether the movant was diligent in helping the court to create a workable Rule 16 order; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent." *United States ex rel. Terry v. Wasatch Advantage Grp., LLC*, 327 F.R.D. 395, 404 (E.D. Cal. 2018).

III.    DISCUSSION

The extension of time Plaintiff seeks is not particularly lengthy. Plaintiff points to three developments that justify this modest extension: (1) the recent substitution of Plaintiff's new counsel, (2) the subsequent surgery of Plaintiff's lead counsel, and (3) the necessity to evaluate the pleadings to properly meet and confer with Defendant prior to filing a motion to amend. The proposed extension does not frustrate the scheduling order's 2027 deadlines and 2028 trial date. (ECF No. 26.) Consequently, the court is unpersuaded that the proposed extension prejudices Defendant. Moreover, Plaintiff has been diligent in seeking this extension by immediately attempting to stipulate to the extension with Defendant once Plaintiff's new attorney was substituted into this matter and in filing this motion as soon as it became apparent that Defendant would not stipulate prior to the April 17, 2026, deadline.

IV.    CONCLUSION AND ORDER

Based on the foregoing, Plaintiff Azam Azimi's motion for administrative relief seeking a 31-day extension of time to move to amend the pleadings in this matter (ECF No. 41) is GRANTED and IT IS HEREBY ORDERED that:

1.    The parties' April 17, 2026, deadline to file stipulated amendments or motions to amend, as set by the court's scheduling conference order (ECF No. 26), is extended to <u>May 18, 2026</u>; and

2.    The April 17, 2026, deadline to file stipulated amendments or motions to amend, as set by the court's scheduling conference order (ECF No. 26), <u>is no longer stayed</u> pursuant to ECF No. 42.

IT IS SO ORDERED.

Dated:    **May 6, 2026**    _____
                                                       UNITED STATES MAGISTRATE JUDGE